Signed and Filed: February 6, 2013

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-10389 AJ |
| JAMES D. CROMBIE and LYNETTE T. NGUYEN, | Chapter 7 |
| Debtors. | |
| PARON CAPITAL MANAGEMENT, LLC, PETER MCCONNON, and TIMOTHY LYONS | Adv. Proc. No. 12-3079 TC |
| Plaintiffs, | |
| vs. | |
| JAMES D. CROMBIE and LYNETTE T. NGUYEN | |
| Defendants. | |
| JAMES D. CROMBIE | |
| Counter-Claimant, | |
| vs. | |
| PARON CAPITAL MANAGEMENT, LLC, PETER MCCONNON, and TIMOTHY LYONS | |
| Counter-Defendants, | |

### MEMORANDUM DECISION RE MOTION FOR SUMMARY JUDGMENT

On October 19, 2012, the court held a hearing on the motion for summary judgment filed by Paron Capital Management, LLC, Peter

MEMORANDUM DECISION                    -1-

McConnon, and Timothy Lyons (Plaintiffs). Mark P. Fickes appeared for Plaintiffs. Defendant James D. Crombie (Defendant) did not appear.[1] Upon due consideration, and for the reasons stated on the record at the hearing, the court hereby resolves the motion for summary judgment as follows:

(1) Plaintiffs' motion for summary judgment should be granted for the following reasons.

(A) Plaintiffs obtained a judgment against Defendant in the Delaware Court of Chancery in Paron Capital Mngt, LLC v. Crombie, Del. Ch. Ct. Case No. 6380-VCP (the "State-Court Judgment").

(B) This court must give the same preclusive effect to the State-Court Judgment that a Delaware court would give to that judgment. See Bugna v. McArthur (In re Bunga), 33 F.3d 1054, 1057 (9th Cir. 1994).

(C) Under Delaware law, issue preclusion applies "where a question of fact essential to the judgment is litigated and determined by a valid and final judgment, the determination is conclusive between the same parties in a subsequent case on a different cause of action." See Tyndall v. Tyndall, 238 A.2d 343, 346 (Del. 1968).

(D) Under Delaware law, a judgment is considered final even if that judgment is on appeal. See McNally v. Esmark, Inc. (In re Transocean Tender Offer Sec. Lit.), 427 F.Supp. 1211, 1216 (N.D. Ill. 1977) (Applying Delaware law, the District Court held that "Delaware courts have often followed the Restatement of the Law of Judgments," that the restatement "in effect follows the general

---

[1] The Courtroom Deputy attempted to contact Mr. Crombie at the telephone number that he provided to the court, but Mr. Crombie was not available when contacted by the court.

rule that the pendency of an appeal does not suspend the operation
of a final judgment for purposes of *res judicata*, and that "[t]he
court believes that Delaware courts would likewise follow this
rule.").

(E) The State-Court Judgment is a valid final judgment that
necessarily determined all essential facts to except the debt from
discharge under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6).

(F) All liability arising from Defendant's fraud, breach of
fiduciary duty, and willful and malicious conduct should be
excepted from discharge, including punitive damages, attorneys'
fees, and costs.  See <u>Cohen v. De La Cruz</u>, 523 U.S. 118 (1998).

(2) Defendant's counterclaims should be dismissed without
prejudice and without leave to amend for the following reasons.

(A) <u>Pre-Petition Claims</u>. To the extent that any of Defendant's
counterclaims arose pre-petition, Defendant is not the proper party
to assert those claims because those claims became property of the
bankruptcy estate pursuant to section 541(a), and must be brought
by the chapter 7 trustee.  Defendant did not even list the claims
in his original schedules.  Although he has now filed amended
schedules that value the counterclaims at an "UNKNOWN" value, the
counterclaims are still property of the bankruptcy estate and still
must be asserted by the trustee.  There is no indication that the
trustee intends to assert these counterclaims.

If the trustee abandons the counterclaims to Defendant, this
court will probably lose subject-matter jurisdiction.  The
counterclaims arise under state law.  The only basis for
jurisdiction in this court is that the counterclaims belongs to the
estate, and that resolution of the counterclaims would therefore

MEMORANDUM DECISION           -3-

1 have an effect on the estate. <u>Fietz v. Great W. Sav. and Loan</u>
2 <u>Ass'n (In re Fietz)</u>, 852 F.2d 455 (9th Cir. 1988). Abandonment,
3 which would permit Defendant to assert these counterclaims, would
4 also remove the counterclaims from the estate and thereby eliminate
5 the principal basis for subject-matter jurisdiction. This court
6 could conceivably invoke its supplemental jurisdiction to try the
7 abandoned counterclaims, but I decline to do so because the court
8 is now ready to enter judgment on all claims raised in Plaintiffs'
9 complaint, and because to date the counterclaims have not been
10 asserted by any party with the power to do so.

11      For similar reasons, I decline to resolve Plaintiffs'
12 contention that the counterclaims are barred under principles of
13 claim preclusion. That contention should be asserted against the
14 party that holds the counterclaims.

15      (B) <u>Post-Petition Claims</u>. To the extent that any of
16 Defendant's counterclaims arose post-petition, those claims should
17 be resolved as follows. The first counterclaim should be
18 dismissed, because Defendant was individually liable for the
19 State-Court Judgment, and because that judgment is excepted from
20 discharge under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). The
21 second counterclaim should be dismissed, because it is barred by
22 the litigation privilege. <u>See</u> Cal. Civ. Code § 47(b); <u>Fin. Corp.</u>
23 <u>of Am. v. Wilburn</u>, 189 Cal.App.3d 764, 774 (1987) (allegations in a
24 complaint which are related to the litigation commenced by the
25 complaint are privileged regardless of the subjective intent of the
26 attorney). The third counterclaim should be dismissed, because
27 this court does not have subject-matter jurisdiction over the claim
28 because it arises under state law and resolution of the claim would

**MEMORANDUM DECISION**      -4-

1 | not have any effect on the estate.  For the reasons stated above, I

2 | also decline to invoke supplemental jurisdiction over this claim.

3 | The fourth counterclaim should be dismissed, because the court

4 | previously dismissed all claims asserted against Lynette Nguyen,

5 | see Docket No. 37, and because Defendant lacks standing to assert

6 | claims on behalf of Lynette Nguyen.

7 | **\*\*END OF MEMORANDUM DECISION\*\***

Case: 12-03079    Doc# 56    Filed: 02/06/13    Entered: 02/07/13 10:58:54    Page 5 of 6

## <u>Court Service List</u>

None